NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG SCHMELL,

    Plaintiff,

v.

MORGAN STANLEY & CO., INC.,

    Defendant.

RECEIVED
MAY 3 0 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Civ. No. 17-13080

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Compel Arbitration and Stay Proceedings Pending Arbitration by Defendant Morgan Stanley Smith Barney LLC ("Defendant"). (ECF No. 17.) Plaintiff Craig Schmell ("Plaintiff") opposes. (ECF No. 18.) The Court has decided this matter based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion is granted in part and denied in part.

## BACKGROUND

This case arises out of Defendant's allegedly discriminatory and wrongful termination of Plaintiff's employment as a Senior Vice President employed by Defendant. While employed, Plaintiff published a self-help book dealing with his struggle and recovery from alcohol and drug addiction. (Compl. ¶¶ 8, 11, ECF No. 1-1.) Plaintiff shared plans for the book with his

1

supervisors and made changes pursuant to their requests, but he allegedly received threats to his continued employment due to the anticipated publication of the book. (*Id.* ¶¶ 12–16, 18–22.) Plaintiff was fired on October 31, 2017, which he asserts to be due to his addict status. (*Id.* ¶¶ 23–24, 31.)

On November 13, 2017, Plaintiff filed this action in state court pleading only violations of the New Jersey Law Against Discrimination ("LAD"). (*See generally* Compl.) Defendant removed and moved to compel arbitration and stay proceedings pending arbitration pursuant to its CARE ("Convenient Access to Resolutions for Employees") Arbitration Agreement. (ECF No. 7.) CARE was implemented pursuant to an opt-out system between September and October 2015. (Op. at 2, 4–5, ECF No. 13.) Defendant sent emails to all employees informing them "that the program was mandatory unless they opted out and that their continued employment without opting out constituted acceptance of the Arbitration Agreement"; the agreement was available on Defendant's internal human resources portal, me@MS. (*Id.* at 5.) Plaintiff did not opt-out, and although "continued employment without opt-out constitute[d] assent," he submitted certified statements that presented "an underlying dispute as to whether Plaintiff had notice of the agreement." (*Id.* at 6.) The Court denied the motion to compel on March 1, 2018 (ECF No. 14), finding "a genuine dispute of material fact as to whether he was on notice of the agreement to arbitrate such that there was a meeting of the minds and he could mutually assent to the terms of the CARE program," which would make arbitration binding and enforceable (Op. at 7).

On March 30, 2018, Defendant moved the Court to compel arbitration or set a schedule to resolve disputed issues of fact related to arbitration. (ECF No. 17.) Plaintiff opposed (ECF No. 18), and Defendant replied (ECF No. 19). On May 1, 2018 Plaintiff filed a supplemental

2

letter as notice of new authority (ECF No. 20), to which Defendant replied (ECF No. 21). This Motion is presently before the Court.

## LEGAL STANDARD

Where there is a contract between the parties that provides for arbitration, there is "an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLC v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)) (internal quotation marks omitted); *see* Federal Arbitration Act, 9 U.S.C. § 2. "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration." *Mitsubishi Motors Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). When a party refuses to submit to arbitration pursuant to a valid contract provision, the party seeking to arbitrate may petition the court for an order compelling arbitration. 9 U.S.C. § 4. For this presumption in favor of arbitration to apply, there must be a valid contract or agreement to arbitrate between the parties. The Court must find that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

## DISCUSSION

Defendant argues that because the Court found a genuine issue of notice precluding enforcement of the CARE Arbitration Agreement, a question of arbitrability, the Court should compel arbitration on this question of arbitrability pursuant to two agreements Plaintiff signed in 2006. (Def.'s Br. at 11–12, ECF No. 17-1.) In the alternative, Defendant asks the Court to permit limited discovery on the factual dispute to then file a renewed motion to compel for the

3

Court to reconsider whether the CARE program may be enforced. (*Id.* at 14–16.) In response, Plaintiff construes Defendant's motion as a time-barred motion for reconsideration of the Court's prior opinion, which also runs afoul of *res judicata*. (*See* Pl.'s Opp'n at 2–4, 5, ECF No. 18.) Plaintiff alternatively claims that this issue should be decided by the Court, not an arbitrator. (*Id.* at 6–8.) Finally, Plaintiff seeks Rule 11 sanctions for what he characterizes as a "Frivolous Second Motion." (*Id.* at 8.)

## I. Reconsideration and *Res Judicata*

Plaintiff's opposition misconstrues this Motion. The case on which Plaintiff relies to argue that this issue is barred by *res judicata*, *Towers, Perrin Forster & Crosby, Inc. v. Brown*, 732 F.2d 345 (3d Cir. 1984), is distinguishable. In that case, motions to compel arbitration had been filed and adjudicated in state court, and then federal court, 732 F.2d at 347, and the Third Circuit concluded that *res judicata* provided "a limitation on successive petitions to compel arbitration," because an earlier state court decision on arbitration is a binding final order, *id.* at 349; *id.* at 350 (collecting cases dealing with prior state court determinations and subsequent federal actions).

Defendant does not seek to disturb the conclusion the Court already reached on notice, which precluded enforcing arbitration under CARE, nor is it a second bite at the apple. Rather, Defendant seeks to compel arbitration on the factual issue of whether or not Plaintiff was on notice of the CARE Arbitration Agreement such that he could be bound to arbitrate. (Def.'s Br. at 1.) To do so, Defendant seeks to enforce two arbitration provisions in agreements Plaintiff signed when he began his employment with Defendant in 2006, an Employment Agreement and the industry Form U-4. (*Id.* at 3–6.) This is a distinct issue and does not seek to revisit, or

4

reconsider, the substance of the prior opinion. Likewise, the Court's earlier order does not have preclusive effect under the *res judicata* doctrine.

## II. Arbitration for Questions of Arbitrability

"The question whether parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Tech, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) (emphasis and alterations in original). Gateway questions of arbitrability are limited in nature. *Opalinski v. Robert Half Int'l, Inc.*, 761 F.3d 326, 331 (3d Cir. 2014). There are two subsets: first, "there is a threshold dispute over 'whether the parties have a valid Arbitration Agreement at all,' and second when the parties are in dispute as to 'whether a concededly binding arbitration clause applies to a certain type of controversy.'" *Puelo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d Cir. 2010) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). Issues such as "waiver, delay, or a like defense," *Howsam*, 537 U.S. at 84 (internal citation omitted), as well as "whether time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrator to decide,'" *id.* at 85 (quoting Revised Uniform Arbitration Act of 2000 § 6(c) cmt. 2 (Supp. 2002)). These types of "procedural questions" of arbitrability may be resolved by an arbitrator "without deciding the existence and scope of his or her own jurisdiction." *Puelo*, 605 F.3d at 183.

Defendant's Motion begs whether the factual issue of Plaintiff's notice of the CARE Arbitration Agreement is a gateway question of arbitrability, or whether it is an arbitration challenge for the arbitrator. The Court already concluded that the notice issue cast doubt on whether there was a meeting of the minds such that there was a valid, binding agreement to

arbitrate. (Op. at 7.) Although the Supreme Court has concluded that "attacks on the validity of the entire contract, as distinct from attacks aimed at the arbitration clause, are within the arbitrator's ken[,]" *Preston v. Ferrer*, 552 U.S. 346, 353 (2008), the issue here involves a contract that is exclusively an arbitration agreement, not a contract including an arbitration provision. Thus, it is not truly a "discrete challenge" to an arbitration clause as the *Preston* Court confronted. *Id.* at 345. Rather, this is a "gateway matter," asking "whether the parties have a valid Arbitration Agreement *at all*." *Bazzle*, 539 U.S. at 452 (emphasis added); *see also Allstate Ins. Co. v. Toll Brothers, Inc.*, 171 F. Supp. 3d 417, 423 (E.D. Pa. 2016) (citing Third Circuit precedent for proposition that disputes concerning contract formation, such as adequate consideration, are generally for the Courts). Moreover, while the Court has couched this as a question of notice, it is not a "procedural question[] which grow[s] out of the dispute and bear[s] on its final disposition," which the arbitrator should decide. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 216 (3d Cir. 2007) (quoting *Howsam*, 537 U.S. at 84). In sum, this issue is reserved for the Court unless there is an express agreement to arbitrate arbitrability.

Plaintiff attempts to argue that the Court should look to recent state precedent on the issue, relying on *Goffe v. Foulke Management Corp.*, 2018 WL 1915860 (N.J. Super. Ct. App. Div. Apr. 24, 2018) for the proposition that disputes of arbitrability cannot be subject to arbitration. (Pl.'s Letter at 2, ECF No. 20.) The Court disagrees. The court in *Goffe* applied the same federal principles on arbitration detailed above and concluded that the issue of arbitrability was not arbitrable in that case because any agreement to arbitrate arbitrability was contained in the very contract whose validity was at issue; therefore, there was no clear and unmistakable agreement to arbitrate arbitrability. 2018 WL 1915860, at *8. As Defendant notes, this case is "meaningfully different" because Defendant does not seek to compel arbitration based on some

6

agreement in the disputed CARE Arbitration Agreement, but rather two earlier, preexisting agreements. (Def.'s Reply Letter at 2, ECF No. 21.)[1]

Defendant relies on section 7 of the Employment Agreement—signed and initialed by Plaintiff on January 13, 2006—which provides that "[a]ny controversy or claim arising out of or relating to . . . your employment by Morgan Stanley (excluding statutory employment claims and other claims covered by Paragraph 7.2) . . . will be settled by arbitration." (Employment Agreement ¶ 7.1, Ex. 1, ECF No. 17-4.) That section also provides that "any dispute as to the arbitrability of a particular issue or claim pursuant to this arbitration provision is to be resolved in arbitration." (*Id.*) Under section 7.2, certain claims, including statutory employment claims, will be submitted to CARE arbitration. (*Id.* ¶ 7.2.) The Form U-4 on which Defendant also relies was accompanied by a "Disclosure to Associated Persons When Signing Form U-4"— signed by Plaintiff on January 13, 2006—which provided that all claims arising between the employee and employer firm will be submitted to arbitration, except employment discrimination claims, which are not required to be arbitrated. (Attachment A, Ex. 2, ECF No. 17-5.)

According to Defendant, Plaintiff fails to challenge the validity of the original employment contracts, and therefore, there is no challenge to the enforceability of the Arbitration Agreement here—the only issue is whether those early agreements cover this factual dispute. *See MHA, LLC v. UnitedHealth Grp., Inc.*, 2017 WL 1095036, at *5 (D.N.J. Mar. 23, 2017)

---

[1] Even if Defendant raised this argument and it were viable, it is unclear whether questions of arbitrability are arbitrable under CARE. (*Compare* CARE: Guidebook, Ex. A, ECF No. 7-4 ("Claims pertaining to the enforceability of the Arbitration Agreement . . . . includ[ing], but [] not limited to, all matters related to the formation of the agreement . . . will be decided by the arbitrator and not by a court."), *with* Arbitration Agreement ¶ 4, Ex. C, ECF No. 7-4 ("Any issue concerning arbitrability of a particular issue or claim pursuant to this Arbitration Agreement (except for issues concerning the validity or enforceability of the class action, collective action, or representative action Waivers) must be resolved by the arbitrator, not the court.").)

("[Plaintiff] MHA makes no attempt whatsoever to contest the validity of the FPAs or the arbitration provision at issue. Thus, the Court moves on to the second step of the two-step inquiry noted above: whether the question of arbitrability falls within the scope of the FPAs' arbitration clause."). Plaintiff asserts that they do not apply to the dispute because he raises statutory employment discrimination claims which are exempted from both the Employment Agreement and Form U-4. (Pl.'s Opp'n at 7.)

The Court rejects Plaintiff's argument regarding the applicability of these provisions. While the underlying merits of this case (which Defendant also seeks to arbitrate) are pursuant to NJ's LAD and thus exempted from both the Employment Agreement and Form U-4, that is not the issue on which Defendant currently seeks to compel arbitration. The instant dispute is not about the underlying claim and substantive statute, but whether a contract existed between Plaintiff and Defendant under which he may be compelled to arbitrate disputes.

Although section 7.1 expressly submits questions of arbitrability to arbitration, the language specifies that it applies to arbitrability disputes "pursuant to *this arbitration provision*." (Employment Agreement ¶ 7.1 (emphasis added).) The issue of arbitrability for this Motion, however, arises pursuant to the CARE Arbitration Agreement disseminated and implemented in 2015, so the clause is not applicable. In the alternative, the question of the validity and enforceability of the CARE Arbitration Agreement may be considered a dispute subject to either the Employment Agreement or Form U-4's scope of arbitration, because broadly characterized, it "arises out of or relates to his employment." (Def.'s Br. at 1; *see also id.* at 11–12.) But Defendant bears an "onerous" burden to demonstrate "express contractual language unambiguously delegating the question of arbitrability to the arbitrator." *Opalinski*, 761 F.3d at 335. Much like in *Opalinski* where the contractual language covered any dispute related to

8

employment but was silent on whether certain arbitrability questions must be submitted to the arbitrator, "the strong presumption favoring judicial resolution of questions of arbitrability is not undone" based on the language and scope of the Employment Agreement and Form U-4. *Id.*

On balance, the present dispute raised on this Motion may not be submitted to arbitration. The Court turns next to the option of discovery.

## III. Limited Discovery on Factual Issue of Notice

In the alternative to arbitration, Defendant asks the Court to "compel limited discovery on the parties' dispute over whether Plaintiff was on notice of the CARE Arbitration Agreement." (Def.'s Br. at 14.) Plaintiff opposes, asserting there is no discovery that would assist Defendant (Pl.'s Opp'n at 7), and only Plaintiff, as the non-movant, is entitled to conduct said discovery (Pl.'s Letter at 4).

In *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 774–76 (3d Cir. 2013), the court delineated and explained the standards applicable to a motion to compel arbitration. The standard for a Rule 12(b)(6) applies where "it is apparent, based on the 'face of a complaint, and documents relied upon in the complaint,'" that arbitration applies to some or all of a plaintiff's claims. 716 F.3d at 776. But where "the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue," the Rule 56 summary judgment standard applies. *Id.* at 774. This case fits into the latter category, which is why the Court last applied the Rule 56 standard regarding genuine disputes of material fact, and specifically concluded that Plaintiff's certifications were more than naked assertions based on the case law for motions to compel arbitration. (Op. at 7 n.3.)

Where the Rule 56 standard applies and "the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue,

9

then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Guidotti*, 716 F.3d at 775 (quoting *Somerset Consulting, LCC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). In *Goffe*, the Appellate Division cited *Guidotti* with approval, finding, "With these factual disputes that must be determined before ascertaining whether there are any arbitrable issues, the judges must permit limited discovery and, if necessary, evidentiary hearings." *Goffe*, 2018 WL 1915860, at *9. The court noted that this holding expansively applies to any arbitrability issue. *Id.* In light of this precedent and because this notice question is not arbitrable, it is appropriate for the parties to conduct a limited factual discovery on the question of notice.

The Court finds inadequate support to accept Plaintiff's assertion that only the non-movant may conduct discovery. While both the *Goffe* and *Guiodtti* courts reflected on the non-movant's opportunity to conduct discovery, the *Guidotti* court later concluded that the parties, plural, should be afforded this right. *Compare Guidotti*, 716 F.3d at 774, *with id.* at 776. The goal of this inquiry is to "properly evaluate whether there was a meeting of the minds on the agreement to arbitrate." *Id.* at 774. While discovery should be restricted in scope, to restrict the authority to conduct discovery to just the non-movant would not further this goal. Thus, both Defendant and Plaintiff will have an opportunity to conduct limited discovery.

## IV.  Rule 11 Sanctions

In opposition, Plaintiff requests sanctions against Defendant for the filing of this Motion, which the Court declines to grant. First, this Motion was not made "for an improper purpose," with "frivolous arguments," or with allegations "that lack evidentiary support." *Albibi v. Tiger Mach. Co., Ltd.*, 2014 WL 3548312, at *1 (D.N.J. July 17, 2014) (citing Fed R. Civ. P. 11(b)–(c)). Nor does it amount "to an abuse[] of the legal system." *Paris v. Pensauken Sch. Dist.*,

2013 WL 4047638, at *6 (D.N.J. Aug 9, 2013) (internal citations and quotations omitted) (alteration in original). As evidenced by the detailed discussion above, this is a valid, non-frivolous motion addressing a legal issue subject to reasonable dispute.

Second, Plaintiff's request for sanctions is procedurally improper. By requesting sanctions in opposition to Defendant's present Motion, Plaintiff failed to file "[a] motion for sanctions . . . separately from any other motion." Fed. R. Civ. P. 11(c)(2). Plaintiff also failed to comply with the Rule's safe harbor provision: Plaintiff sent two letters notifying Defendant of its intention to seek sanction (*see* Exs. C, D, ECF No. 18-1), rather than the actual motion it would file with the Court. *See Albibi*, 2014 WL 3548312, at *2 (collecting cases for proposition that "sending an adversary an informal letter as opposed to the actual motion fails to comply with Rule 11"). Therefore, sanctions are neither substantively nor procedurally warranted.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Defendant's Motion to Compel Arbitration. An accompanying Order will follow.

Date: 5/30/18

*Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

11