NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG SCHMELL,

        Plaintiff,

   v.

MORGAN STANLEY & CO., INC.,

        Defendant.

Civ. No. 17-13080

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Renewed Motion to Compel Arbitration and Stay Proceedings Pending Arbitration by Defendant Morgan Stanley Smith Barney LLC.[1] (ECF No. 28.) Plaintiff Craig Schmell opposes. (ECF No. 31.) The Court has decided this matter based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion is granted.

## BACKGROUND

This case arises out of Defendant's allegedly discriminatory and wrongful termination of Plaintiff's employment as a Senior Vice President. (*See generally* Compl., ECF No. 1-1.) On November 13, 2017, Plaintiff filed this action in state court, claiming violations of the New Jersey Law Against Discrimination ("LAD"). (*Id.*) Defendant then removed to this Court. (ECF No. 1.)

On January 4, 2018, Defendant moved to compel arbitration and stay proceedings

---

[1] Defendant's name is improperly pleaded. Its correct name is "Morgan Stanley Smith Barney LLC." (Mot. Compel at 1, ECF No. 28.)

1

pending arbitration pursuant to its CARE ("Convenient Access to Resolutions for Employees") Arbitration Agreement (the "Agreement"). (ECF No. 7.) CARE was implemented pursuant to an opt-out system between September and October 2015. (First Op. at 2, 4–5, ECF No. 13.) During this period, Defendant sent emails to all employees informing them "that the program was mandatory unless they opted out and that their continued employment without opting out constituted acceptance of [the Agreement]"; the Agreement was available on Defendant's internal human resources portal, me@MS. (*Id.* at 5.) Plaintiff continued his employment and did not opt out, and although "continued employment without opt-out constitute[d] assent," Plaintiff submitted certified statements that presented "an underlying dispute as to whether Plaintiff had notice of the [A]greement." (*Id.* at 6.) The Court denied the Motion to Compel on March 1, 2018 (ECF No. 14), finding "a genuine dispute of material fact as to whether [Plaintiff] was on notice of the [A]greement to arbitrate such that there was a meeting of the minds and he could mutually assent to the terms of the CARE program," which would make arbitration binding and enforceable (First Op. at 7). After Defendant once again moved to compel arbitration (ECF No. 17), the Court granted the parties sixty days—beginning May 30, 2018—to conduct limited discovery on the question of whether Plaintiff had notice of the Agreement (ECF No. 23).

The discovery period closed, and Defendant filed a Renewed Motion to Compel Arbitration and Stay Proceedings Pending Arbitration on September 5, 2018. (ECF No. 28.)[2] Plaintiff opposed on September 17, 2018. (ECF No. 31.) As per the Court's Order, no further briefing was entertained on this matter. (ECF No. 32.) The Motion is presently before the Court.

---

[2] Plaintiff claims that Defendant's Motion is really a Motion for Reconsideration in disguise. (Pl.'s Br. at 11–12.) But Defendant is simply following the Court's Order to "file a renewed motion to compel arbitration following the close of the sixty (60) day discovery period." (ECF No. 23.) Of course, the Court will not entertain relitigation of any questions already decided in this case.

2

# **LEGAL STANDARD**

Where there is a contract between the parties that provides for arbitration, there is "an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLC v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)) (internal quotation marks omitted); *see* Federal Arbitration Act, 9 U.S.C. § 2. "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration." *Mitsubishi Motors Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). When a party refuses to submit to arbitration pursuant to a valid contract provision, the party seeking to arbitrate may petition the court for an order compelling arbitration. 9 U.S.C. § 4. For this presumption in favor of arbitration to apply, there must be a valid contract or agreement to arbitrate between the parties. The Court must find that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009). Whether there is an agreement to arbitrate is determined by the contract law of the relevant state. *Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 288–89 (3d Cir. 2017) (citations omitted).

When deciding a motion to compel arbitration and where "the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question [of arbitrability] in issue," courts employ the standard for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013). Therefore, the Court must "first determine whether there is a genuine issue of material fact as to whether a valid arbitration agreement exists."

*Jayasundera v. Macy's Logistics & Ops., Dep't of Human Res.*, 2015 WL 4623508, at *2 (D.N.J. Aug. 3, 2015); *see also Aliments*, 851 F.3d at 288–89.

## DISCUSSION

There is exactly one question to be answered here: whether Plaintiff had notice of the Agreement. If Plaintiff had notice, then his continued employment without opting out constituted assent to the Agreement, and the Court should compel arbitration of his claims. (First Op. at 6–8.) If Plaintiff lacked notice, then he is not bound by the Agreement, and the Court may not compel arbitration. (*Id.*)

When the Court first addressed this question in March 2018, there was a genuine dispute of material fact as to whether Plaintiff had notice of the Agreement. (*Id.*) But Plaintiff has failed to put forth sufficient evidence to maintain a genuine factual dispute; the record presented to the Court indicates that Plaintiff had notice. The parties do not dispute that the email was sent to Plaintiff, in the sense that the email appeared in Plaintiff's inbox. Plaintiff was required to review all work email as a condition of his employment (Schmell Dep. 31:12–15, ECF No. 28-2), was working the day the email was sent (*id.* 63:8–16), responded to other emails that day (*id.* 49:6–60:1), and answered emails that were sent both before and after the one in question (*id.*). All of these facts establish that Plaintiff had notice of the email.

Plaintiff claims that he never read the email in which the Agreement was sent, and does not recall reviewing it. (*Id.* 40:9–41:10.) He also states that he could receive many, possibly hundreds, of emails in a single day. (*Id.* 61:4–12.) But whether Plaintiff specifically recalls the email in question is beside the point. The fact that the email appeared in Plaintiff's inbox, combined with the expectation that Plaintiff would read his email, is sufficient to indicate that Plaintiff had notice of the Agreement.

Plaintiff also notes that this email was sent after normal working hours during the week before Labor Day weekend, a week where few employees were in the office. (*Id.* 79:17–80:17). The implication, it seems, is that Defendant could not have expected Plaintiff to read an email sent at such a time. However, Plaintiff *did* read and respond to several emails the day the email in question is sent, and responded to emails sent both before and after the one in question Defendant could therefore expect that Plaintiff likewise saw the email containing the Agreement.

Because the record establishes the indicia that Plaintiff had notice of the email, he assented to the Agreement, and that Agreement may be enforced by compelling arbitration.

### **CONCLUSION**

For the reasons stated above, Defendant's Renewed Motion to Compel Arbitration and Stay Proceedings Pending Arbitration is granted. An accompanying Order will follow.

Date:   10/15/18                                   */s/ Anne E. Thompson*
                                                   ANNE E. THOMPSON, U.S.D.J.