UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG SCHMELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORGAN STANLEY & CO., INC.,<br><br>　　　　　Defendant. | Civ. No. 17-13080<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Relief and Reconsideration by Plaintiff Craig Schmell. (ECF No. 44.) Defendant Morgan Stanley Smith Barney LLC[1] opposes. (ECF No. 45.) The Court has decided this matter based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiff's Motion is denied.

## **BACKGROUND**

Plaintiff filed this wrongful termination case in New Jersey state court on November 13, 2017, and Defendant removed the action to federal court on December 14, 2017. (Notice Rmv'l, ECF No. 1; Compl., ECF No. 1-1.) On January 4, 2018, Defendant moved to compel arbitration on the basis of the CARE ("Convenient Access to Resolutions for Employees") Arbitration Agreement (the "Agreement"). (ECF No. 7.) Defendant had previously emailed Plaintiff and other employees, informing them of the existence of the Agreement and stating that "their

---

[1] Defendant's name is improperly pleaded. Its correct name is "Morgan Stanley Smith Barney LLC." (Mot. Compel at 1, ECF No. 28.)

continued employment without opting out constituted acceptance of [the Agreement]." (1st Op. at 5, ECF No. 13.)

On March 1, 2018, in response to Defendant's Motion to Compel Arbitration, the Court held that continued employment after notice of the Agreement constitutes assent to the Agreement. (*Id.* at 6.) For this proposition, the Court relied on *Jaworski v. Ernst & Young U.S. LLP*, a case before the New Jersey Superior Court, Appellate Division in which an employer notified employees that continued employment after a particular date constituted assent to an arbitration clause. 119 A.3d 939, 946 (N.J. Sup. Ct. App. Div. 2015). The *Jaworski* court held that, under those circumstances, an employee consented to the arbitration agreement by continuing to work after the given date. *Id.*

In the present case, it is undisputed that Plaintiff continued to work after Defendant's email was sent, but Plaintiff claimed that he could not remember receiving, viewing, or opening the email containing the notification. (1st Op. at 6–7.) For this reason, the Court found that there was a factual dispute as to whether Plaintiff had notice of the Agreement and refused to compel arbitration. (*Id.* at 7–8.) Then, in a second Opinion and Order in May 2018, the Court gave the parties sixty days to conduct limited discovery to resolve this factual dispute. (2d Op., ECF No. 22; 2d Order, ECF No. 23.)

The sixty-day discovery window closed, and Defendant moved once again to compel arbitration. (ECF No. 28.) In a third Opinion issued on October 15, 2018, the Court noted:

> The parties do not dispute that the email was sent to Plaintiff, in the sense that the email appeared in Plaintiff's inbox. Plaintiff was required to review all work email as a condition of his employment, was working the day the email was sent, responded to other emails that day, and answered emails that were sent both before and after the one in question. All of these facts establish that Plaintiff had notice of the email.

(3d Op. at 4, ECF No. 35 (internal citations omitted).) Having previously found that continued

2

employment with notice constituted assent (1st Op. at 6), and now finding that Plaintiff had notice (3d Op. at 4), the Court compelled arbitration (*id.* at 5; 3d Order, ECF No. 36).

On January 16, 2019, the New Jersey Superior Court, Appellate Division issued *Skuse v. Pfizer, Inc.*, 2019 WL 237301 (N.J. Super. Ct. App. Div. Jan. 16, 2019). That case found that an employee is *not* bound by an arbitration agreement simply because she continued to work after receiving notice that continued employment constitutes assent. *Id.* at *11. *Skuse* explicitly expressed disagreement with *Jaworski*. *Id.* at *12.[2]

On January 31, 2019, Plaintiff moved for relief from and reconsideration of the Court's third Opinion and Order that were issued October 15, 2018. (ECF No. 44.) Plaintiff argues that the *Skuse* decision constitutes a significant change in the law previously relied upon in this case, and that this justifies reversal of the Court's previous ruling. Defendant opposed the Motion on February 19, 2019 (ECF No. 45), and Plaintiff replied on February 25, 2019 (ECF No. 46). The Motion is presently before the Court.

## **DISCUSSION**

The Court will not address the merits of the Motion because it is procedurally improper. Plaintiff seeks relief and reconsideration based on two rules. First, Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding." But the Court's October 15, 2018 Order compelling arbitration and staying proceedings pending arbitration is not "final." *See* Fed. R. Civ P. 60(b) advisory committee's note to 1946 amendment ("[I]nterlocutory judgments are not brought within the restrictions of the rule . . . ."); 9 U.S.C. 16(b)(1), (3) (describing orders compelling

---

[2] Note, however, that "the decision of one appellate panel [is not] binding upon another panel of the Appellate Division." *Brundage v. Estate of Carambio*, 951 A.2d 947, 957 (N.J. 2008).

arbitration and staying proceedings pending arbitration as interlocutory). As the October 15, 2018 order was not final, relief under Rule 60(b) is not warranted.

Second, Local Civil Rule 7.1(i) provides for motions for reconsideration to be filed within fourteen days of the challenged order. But this Motion was filed more than three months after the Court's Order and fifteen days after the *Skuse* decision. Moreover, the basis for the Motion is that *Skuse* casts doubt on *Jaworski*, but the Court principally relied on *Jaworski* in its First Opinion and Order on March 1, 2018. In substance, then, Plaintiff is seeking reversal of the Court's First Order almost eleven months after it was issued.

Deadline extensions may be granted "for good cause . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Clearly, Plaintiff could not have filed this Motion before the *Skuse* decision was issued on January 16, 2019. But even if the *Skuse* decision would reset the fourteen-day deadline to file a motion for reconsideration, Plaintiff's Motion would still be untimely, as it was filed fifteen days after *Skuse*. Other considerations also counsel the Court not to accept this untimely Motion: The Motion effectively seeks reversal of the First Order issued almost eleven months prior; the *Skuse* decision does not actually reverse *Jaworski*, weakening the notion that "good cause" exists for the Court to reconsider its Opinion and Order; finally, one of the principal goals of arbitration is the speedy resolution of disputes, a goal that is undermined by relitigation of questions of arbitrability.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Relief and Reconsideration is denied. An appropriate Order will follow.

Date:  3/7/19                                              */s/ Anne E. Thompson*
                                                          ANNE E. THOMPSON, U.S.D.J.